Dayton v. Moore.

---

JAMES B. DAYTON

*v.*

ACHSAH MOORE and others.

The receipt by a mortgagee's attorney, to whom the mortgage was made (in fact for the mortgagee, but not so expressed in the instrument), of a sum of money from the mortgagor's agent, under an agreement between them subsequent to the loan, as *bona fide* compensation for examining the title to the premises mortgaged, which compensation was paid out of the loan, does not make the loan usurious.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. D. J. Pancoast*, for complainant.

*Mr. James N. Stratton*, for defendants.

THE CHANCELLOR.

This suit is brought to foreclose a mortgage dated March 14th, 1877, for $3,500 (with interest), payable one year from its date, given by Aaron B. Moore, now deceased, to David J. Pancoast, on land in Burlington county. The answer alleges that the mortgage was made and taken on an agreement between the parties to it that the mortgagor should give, and the mortgagee receive, $175 for premium for making the loan, and it states that that money was retained by the mortgagee accordingly. The alleged usury is not well pleaded, and, if it were, it is not proved. It appears that, although the mortgagee negotiated the loan, he did so merely as the agent of Samuel T. Miller, who was his client, and to whom he subsequently delivered a declaration of trust in writing, signed by him, to the effect that he held the mortgage merely in trust for Mr. Miller. It is not proved that he made the agreement stated in his answer, nor any such agreement; nor that he received $175 or any other sum for premium. He did receive from the person whom the mortgagor had employed to obtain the loan, $87.50, as his compensation agreed upon between them after the loan had been negotiated, and independently of the negotiations, for his services as a counsellor in examining the title to the premises to be mortgaged. The title was troublesome, and the mortgagee declined to examine and pass upon it without compensation. What he received was paid to him by the mortgagor's agent out of the latter's commissions received under the agreement between him and the mortgagor for obtaining the loan. The mortgagee paid over to the agent the entire $3,500, and the latter paid it all over to another agent of the mortgagor, who paid him his commissions, out of which he paid the $87.50 to the

mortgagee on his own account and pursuant to his individual agreement with him.

The complainant is entitled to a decree in accordance with these views.